# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MARY L. CHAPPEL,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:09cv865

Weber, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA") (Doc. 18), Defendant's Memorandum in Opposition (Doc. 19), and Plaintiff's Reply Memorandum. (Doc. 21).

Pursuant to local practice, Plaintiff's Motion for Attorney Fees (Doc. 18) has been referred to the undersigned Magistrate Judge for initial consideration and a Report and Recommendation. 28 U.S.C. §636(b). For the reasons stated herein, I recommend that Plaintiff's Motion be granted, in part.

**I. Relevant Factual Background**

On March 11, 2011, this Court issued a Report and Recommendation ("R&R") that Plaintiff's case be reversed and remanded pursuant to Sentence Four of 42 U.S.C. §405(g). (Doc. 15). Neither party filed Objections to that R&R and on April 15, 2011, the District Court adopted the R&R in its entirety and remanded the matter for further proceedings under Sentence Four of 42 U.S.C. §405(g). (Doc. 16). Plaintiff timely filed her motion for fees pursuant to 28 U.S.C. §2412(d). (Doc. 18). In said Motion, counsel

requested fees in the amount of $3,040.00, which is comprised of 19 hours of work times the requested hourly rate of $160.00. Plaintiff also requested that the Court award fees directly to her counsel. (Doc. 18). The Commissioner opposes Plaintiff's motion, arguing that Plaintiff is not entitled to attorney fees because the Commissioner's position was substantially justified. (Doc. 19).

**II. Analysis**

**A. Standard of Review**

Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(B), an application for attorney fees and other expenses must be submitted within thirty (30) days of final judgment. The EAJA defines a final judgment as "a judgment that is final and not appealable." 28 U.S.C. §2412(d)(2)(G); *see Buck v. Secretary of Health and Human Serv.,* 923 F.2d 1200, 1202 (6th Cir. 1991). The thirty-day clock begins to run after the time to appeal the final judgment has expired. *See Melkonyan v. Sullivan,* 501 U.S. 89, 96 (1991).

> Further, the EAJA provides that:
>
> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A). Thus, eligibility for a fee award under EAJA requires: (1) that the claimant be the prevailing party; (2) that the government's position was not substantially justified; and (3) that no special circumstances make the award unjust.

The Commissioner does not dispute that Plaintiff is a prevailing party, as defined by the EAJA, nor does the Commissioner assert that any "special circumstances" exist in this matter, such as to preclude an award of fees. As detailed above, the Commissioner argues only that Plaintiff's EAJA petition for attorney fees should be denied because the Commissioner's prior litigation position was "substantially justified."

The Court agrees that the motion is timely, that Plaintiff is the prevailing party, and that there are no special circumstances to make the award of fees unjust. The Court is therefore left to determine whether the government's position was substantially justified, and if not, how much the award of attorneys fees should be and to whom the award should go.

### B. Substantial Justification

To be "substantially justified," the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552 (1988). The "substantial evidence" standard is not the same as the "substantial justification" standard under EAJA. The government's position "can be justified even though it is not correct . . ., and it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce,* 487 U.S. at 566 n. 2. The Sixth Circuit has held that even though the government's position was not supported by substantial evidence, that fact "does not foreclose the possibility that the position was substantially justified. Indeed, Congress did not want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because

it lost the case. . . ." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (internal citations and quotation marks omitted). Rather, under EAJA, substantial justification means the government's position was "justified in substance or in the main." *Pierce*, 487 U.S. at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id. See also Perket v. Secretary of Health and Human Servs.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989) (per curiam). The Court must examine the government's litigation position as a whole to determine whether it had a reasonable basis in law and fact. *Cf. Commissioner, INS v. Jean*, 496 U.S. 154, 161-62 (1990) ("While the parties' positions on individual matters may be more or less justified, the EAJA--like other fee-shifting statutes--favors treating a case as an inclusive whole, rather than as an atomized line-items."). It is the government's burden under EAJA to prove that its position was substantially justified. *See Scarborough v. Principi,* 541 U.S. 401, 414-15 (2004). The "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412 (d)(2)(D).

In the present case, Plaintiff appealed the ALJ's decision arguing that ALJ Larry A. Temin erred by: 1) improperly dismissing the findings of three treating physicians; 2) failing to provide "good reasons" for rejecting disability opinions of treatment providers; 3) inadequately assessing Plaintiff's pain and credibility; and 4) improperly relying on erroneous testimony by a vocational expert. This Court found that the first two errors,

4

as well as the fourth listed error, all required remand under Sentence Four of 42 U.S.C. §405(g). (Doc. 15).[1]

In recommending that the Commissioner's finding of non-disability be reversed, this Court determined the ALJ erred in rejecting the opinions of Plaintiff's treating physicians, Dr. Blatman and Dr. Atterbury, and Plaintiff's treating psychiatrist, Dr. Niebur. In denying Plaintiff's application for disability benefits, the ALJ rejected the opinions of Plaintiff's treating sources in favor of the non-examining consulting sources. In doing so, the ALJ failed to follow agency regulations and controlling Sixth Circuit law. Specifically, the non-examining sources reviewed Plaintiff's medical records in July 2006 and June 2007, respectively, and found she was capable of performing light work. (Tr. 1058, 1078-84). The ALJ also gave controlling weight to two consulting psychologists' reports dated May 31, 2007 and June 12, 2007. However, the record contains treatment notes from Plaintiff's treating sources through 2009. Thus, the non-examining sources did not review the majority of the record evidence from Plaintiff's treating sources, and therefore their opinions were not based on a review of a complete medical record. *See Blakely v Commissioner of Social Security*, 581 F.3d 399, 409 (6th Cir. 2009) (ALJ may rely on non-examining source opinion over treating source opinion only when non-examining source bases the assessment on a review of the complete medical record).

---

[1] With respect to Plaintiff's second assignment of error, this Court's R&R noted that this case presented a close issue as to whether substantial evidence supported the ALJ's credibility determination. However, as explained below, in light of errors committed by the ALJ, on remand, the undersigned directed the Commissioner to reconsider evidence of Plaintiff's credibility in light of the record as a whole. (Doc. 15 at14).

Furthermore, the ALJ also failed to adequately explain the weight given to Plaintiff's treating sources as required by Social Security regulations and controlling Sixth Circuit law. *See* SSR 96-2p; *Blakely*, 581 F.3d at 409. Notably, several of the reasons given by the ALJ for discounting the findings of Plaintiff's treating sources were factually erroneous. For example, in discounting Dr. Atterbury's opinion, the ALJ noted that Dr. Atterbury treated Plaintiff primarily for gynecological ailments. (Tr. 29). However, this Court found that Dr. Atterbury's medical records reflect treatment for a broad spectrum of complaints typical of primary care practice. (Doc. 15 at 10, n.2). With respect to Dr. Niebur, the ALJ repeatedly referred to Dr. Niebur (whose first name is Melinda) with male pronouns, and discredited Dr. Niebur's opinions, in part, because the ALJ believed that she "does not note claimant's significant noncompliance with medication or its effect on her functioning." (Tr. 29). Contrary to the ALJ's contention, Dr. Niebur's clinical records note and discuss Plaintiff's non-compliance on multiple occasions. (Doc. 15 at 12). In light of the foregoing, the undersigned determined the Commissioner failed to properly apply and follow the "treating physician rule" as well as his own regulations.

In addition to the ALJ's error in weighing the medical opinion evidence, this Court also found the ALJ improperly relied on the testimony of the vocational expert ("VE") thereby requiring remand. (Doc. 15 at 14). At the administrative hearing, the VE testified that Plaintiff could perform three unskilled sedentary jobs based upon the RFC determined by the ALJ. However, the VE also testified that all three of the listed jobs

would require completion of a 90-day probationary period during which Plaintiff would not be permitted to miss any days of work, and following which Plaintiff would not be permitted to miss more than three days per month. (Tr. 1291-1292). However, the record evidence indicated that Plaintiff missed 12 days, or slightly more than 3 days per month, during her work rehabilitation attempt over a 16-week period in 2007. The ALJ failed to discuss Plaintiff's potential for excessive absences from work or explain his rejection of it, as well as the failure to discuss whether or not Plaintiff requires strict time and/or production quotas. Furthermore, the three unskilled jobs identified by the VE that Plaintiff could perform were not classified as unskilled jobs by the Dictionary of Occupational Titles ("DOT").

In response to Plaintiff's EAJA fee petition, the Commissioner argues his position was substantially justified because the ALJ properly rejected the opinions of Plaintiff's treating sources because they were not supported by their clinical findings and were not well explained. The Commissioner further argues the ALJ gave several valid reasons for finding Plaintiff's complaints of disabling pain to be less than fully credible. The Commissioner also contends the ALJ did not err in accepting the VE's assurance that his testimony was consistent with the DOT.

However, those are essentially the same arguments raised by the Commissioner in support of his Memorandum in Opposition [to Plaintiff's Statement of Errors], (Doc. 12), which were rejected in this Court's R&R and Judge Weber's adoption of the R&R in its entirety. Moreover, the Court notes that although the R&R rejected the

7

Commissioner's arguments, the Commissioner did not file Objections to the Report and Recommendation. See *Johnson v. Astrue*, No. 3:08-cv-274, 2010 WL 1463469, at *3 (S.D. Ohio Mar. 26, 2010) (failure to file objections to Magistrate Judge's Report and Recommendation, while not determinative, is a factor considered by the Court in deciding whether the Commissioner's position was substantially justified).

Under these facts, considering the Commissioner's failure to properly follow the "treating physician rule" as well as his own Regulations, the undersigned finds the Commissioner's position in the underlying litigation was not "substantially justified" for purposes of the EAJA. This Court has refused to find the government's position to be "substantially justified" when an ALJ fails to apply the correct legal standard. *See Meyers v. Heckler*, 625 F. Supp. 228, 235 (S.D. Ohio 1985); *Howard v. Heckler*, 581 F. Supp. 1231, 1233-34 (S.D. Ohio 1984). *See also Gutierrez v. Barnhart,* 274 F.3d 1255, 1259 (9th Cir. 2001) (government's position not substantially justified where ALJ failed to comply with applicable Social Security regulation); *Fraction v. Bowen,* 859 F.2d 574, 575 (8th Cir. 1988) (claimant entitled to EAJA fees where government acted "contrary to clearly established circuit precedent"); *Williams v. Sullivan,* 775 F. Supp. 615, 618-19 (S.D.N.Y. 1991) (government's position was not substantially justified given established Second Circuit law). Since the Commissioner fails to set forth a "reasonable basis in law" for the ALJ's decision, the government has not met its burden of proving substantial justification for its position in this case. The Court therefore finds the Commissioner's position in this matter was not substantially justified.

## C. Calculation of Fee Award

The EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded…shall be based upon prevailing market rates for the kind and quality of the services furnished, except that…attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. §2412(d)(2)(A).

With respect to the first of these factors, *i.e.,* the prevailing market rate charged by Social Security practitioners in southwestern Ohio, the Sixth Circuit has held that "[i]n requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). "Plaintiffs must 'produce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* at 895 n.11 *quoting Blum v. Stenson*, 465 U.S. 886, 898 (1984). Plaintiff has failed to meet this burden by failing to provide any information or evidence to support what the prevailing market rate charged in the area was at the time she incurred the fees and even failing to attach her attorney's own affidavit to support her fee request. Plaintiff merely attached Counsel's "time sheet" which shows the date work was performed, a description of the work performed, and the time spent on such work. (Doc. 18 at 5).

The Court next examines the second and third statutory criteria, namely the cost of living adjustment ("COLA") and other "special factors." Although the cost of living "has risen since the enactment of the EAJA," *Begley v. Secretary of Health and Human Servs.,* 966 F.2d 196,199 (6th Cir. 1992), the decision whether this increase justifies a fee in excess of the $125.00 statutory rate is a matter left within the district court's discretion. *Id.* at 200. The Sixth Circuit has stated that the $125.00 "statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health and Human Serv.,* 781 F.2d 545, 547 (6th Cir. 1986). The *Begley* Court interpreted "*Chipman* as a specific instruction not to use [$125.00] as a *minimum* hourly fee and a more general command to district courts to carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." 966 F.2d at 200 (emphasis in the original). The Court of Appeals has "neither precluded cost of living adjustment in appropriate cases, nor interfered with the authority of the district courts to decide such matters within their discretion." *Id.*

Based upon the "Consumer Price Index - All Urban Consumers" for the "Midwest Urban" area for "All items," Plaintiff requests an hourly rate increase to $160.00 per hour. (*See* Doc. 18 at 6-7). However, Plaintiff has submitted only the Consumer Price Index (CPI) to support her claim for an increase, which the Sixth Circuit has said is simply "not enough" to justify an increase. *Bryant*, 578 F.3d at 450; *see also Bushor v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 86805 (S.D. Ohio Aug. 5, 2011)(J. Barrett). Accordingly, Plaintiff has failed to meet her burden of producing appropriate evidence in

support of the requested increase.  *See id.*  Therefore, the hourly rate awarded should be $125.00.[2]

The Court next turns to a discussion of the applicable hours Plaintiff's counsel worked relative to the sentence four remand, *i.e.*, the hours to which the $125.00 hourly rate shall be applied.  Counsel submits that 19.00 hours of attorney time was spent on this case before the District Court, including the preparation of the EAJA fee petition which is compensable pursuant to *Commissioner v. Jean*, 496 U.S. 154, 162 (1990).  The Court has reviewed the number of hours submitted by counsel and finds such hours reasonable and relevant to the prosecution of this matter.  Compensation for the 19.00 hours at the $125.00 hourly rate yields an attorney fee of $2,375.00  The Court notes that the Commissioner does not object to hours expended by counsel for Plaintiff in this litigation.  Accordingly, the Court finds such a fee is reasonable and should be awarded under EAJA.

---

[2]The Court would have been more inclined to grant Plaintiff's request for an increase in the hourly rate had Plaintiff submitted evidence to support what the prevailing market rate is in the Cincinnati area, such as affidavits from other attorneys who practice in federal court and/or publications that discuss the prevailing market rate.  In addition, an affidavit from counsel setting forth what his normal hourly rate is would have been helpful.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED** that the EAJA fee petition filed by Plaintiff's counsel be **GRANTED**, in part, and that Plaintiff[3] be **AWARDED $2,375.00** in attorney fees.

s/Stephanie K. Bowman<br>
Stephanie K. Bowman<br>
United States Magistrate Judge

---

[3] Plaintiff's counsel asks the Court "to grant him attorney fees under [EAJA]. . . ." However, the Court notes that the Supreme Court has clarified that any fees awarded to a prevailing party under the EAJA belong to the litigant, not the litigant's attorney. *See Astrue v. Ratliff*, 560 U.S.___, 130, S.Ct. 2521, 2524 (2010). Without evidence of an assignment to counsel, the Court can not consider counsel's request. In addition, those fees are subject to an offset to satisfy any pre-existing debt the litigant may owe to the United States. *Id.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MARY L. CHAPPEL,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
COMMISSONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:09cv865

Weber, J.
Bowman, M.J.

## **NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).